**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IBEW No. 292 Health Care Plan, Electrical Workers Local No. 292 Pension Fund, Electrical Workers Local No. 292 Annuity & 401(k) Fund, Electrical Workers Local No. 292 Vacation & Holiday Fund, Minneapolis Electrical Industry Board/JATC/LMCC,

Plaintiffs,

Civil No. 01-1309 (RHK/JMM)

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

Clinton Electric Co.,

Defendant.

---

This matter was heard before the undersigned on the 27th day of December, 2001. Jacqueline M. Beaulieu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on July 19, 2001, seeking an order requiring production of fringe fund reports and judgment for the amounts shown to be due per those reports.

2. Defendant Clinton Electric was served with a Summons and Complaint in this matter on July 23, 2001.

DEC 27 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 27 2001
DEPUTY CLERK

3. Defendant has failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing electrical work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

5. Defendant accepted and agreed to be bound by certain collective bargaining agreements ("CBAs") with the International Brotherhood of Electrical Workers. The CBAs obligate Defendant, as an employer, to submit fringe benefit reports and contributions.

6. Defendant failed to timely produce reports and contributions for the period May, 2001 through September, 2001.

7. The Inside Agreement provides that Defendant pay liquidated damages of 5% of contributions or $1,000, whichever is greater, for contributions paid after the 15th of the month following the month for which they were due. Liquidated damages in the amount of $8,773.19 are due for May, 2001 through September, 2001.

8. The Limited Energy Agreement provides that Defendant pay liquidated damages of $100 per month beginning with the second such delinquency in a twelve month period. Liquidated damages in the amount of $400 are due for the months of May, June, July and September, 2001.

9. Defendant failed to produce reports and contributions for the month of October, 2001 as required by the Inside Agreement and the Limited Energy Agreement.

10. Pursuant to the Inside Agreement, Defendant owes 5% of the contributions shown to be owing pursuant to the October, 2001 report, or $1,000, whichever is greater, as liquidated damages.

11. Pursuant to the Limited Energy Agreement, Defendant owes $100 as liquidated damages for the month of October, 2001.

12. The bargaining agreement provides that Plaintiffs are entitled to their reasonable attorney's fees and costs of this action.

13. The fair and reasonable value of attorney's fees incurred by the Plaintiffs in this action is $855.00.

14. The total costs and disbursements incurred by the Plaintiffs in this action are $260.20.

**CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant owes $8,773.19 in liquidated damages under the Inside Agreement for the months of May, 2001 through September, 2001.

3. Defendant owes $400 in liquidated damages under the Limited Energy Agreement for the months of May, June, July and September, 2001.

4. Defendant must produce the fringe fund report and contributions for October, 2001.

5. Defendant owes 5% of the contributions shown to be due, or $1,000, whichever is greater, in liquidated damages under the Inside Agreement for the month of October, 2001.

6. Defendant owes $100 in liquidated damages under the Limited Energy Agreement for the month of October, 2001.

7. Defendant owes attorney's fees and costs in the total amount of $1,115.20.

**ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Default Judgment (Doc. No. 4) is **GRANTED**;

2. That Plaintiff is entitled to judgment against Defendant in the total amount of $10,288.39 for liquidated damages, attorney's fees and costs.

3. Upon the payment of the foregoing amount, the Complaint shall be **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 27, 2001

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.